PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-4209

———

CHARLES F. KERCHNER, JR.;
LOWELL T. PATTERSON;
DARRELL JAMES LENORMAND;
DONALD H. NELSEN, JR.,
                         Appellants
                    v.


BARACK HUSSEIN OBAMA, II,
President Elect of the United States of America,
President of the United States of America, and Individually;
UNITED STATES OF AMERICA;
UNITED STATES CONGRESS;
UNITED STATES SENATE;
UNITED STATES HOUSE OF REPRESENTATIVES;
RICHARD B. CHENEY, President of the Senate,
Presiding Officer of Joint Session of Congress,
Vice President of the United States and Individually;
NANCY PELOSI, Speaker of the House and Individually

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No.1-09-cv-00253)
District Judge: Hon. Jerome B. Simandle

———

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2010

Before:  SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed: July 2, 2010)

———

Mario Apuzzo, Esquire
Jamesburg, New Jersey 08831-0000

      Attorney for Appellants

Tony West
      Assistant Attorney General
Paul J. Fishman
      United States Attorney
Mark B. Stern, Esquire
Eric Fleisig-Greene, Esquire
      Attorneys, Appellate Staff
Civil Division
United States Department of Justice
Washington, D.C. 20530-0001

      Attorneys for Appellees


OPINION OF THE COURT


SLOVITER, *Circuit Judge*.

      Charles F. Kerchner, Jr., Lowell T. Patterson, Darrell J. LeNormand, and Donald H. Nelsen, Jr. (hereafter "Appellants") filed suit in the United States District Court for the District of New Jersey, alleging that President Barack Obama is ineligible to hold his Office as President. They rely on Article II, Section 1, Clause 4 of the United States Constitution which provides that "No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President. . . ." U.S. Const., art. II, § 1, cl. 4.[1] Appellants challenge the District Court's order

_____

    [1] There is a dispute, among courts and commentators, as to whether the provision known as the "Natural Born Citizen" clause should be cited as clause 4 or clause 5 of Article II, § 1 of the Constitution. *Compare Hollander v. McCain*, 566 F. Supp. 2d 63,

2

dismissing their complaint. We will affirm the order of dismissal and direct Appellants' counsel to show cause why just damages and costs should not be imposed on him for having filed a frivolous appeal.

## I.

Appellants, seeking to compel President Obama to "conclusively prove[ ]" that he is eligible to serve as President, Appellants' Br. at 6, named as defendants President Obama, the United States of America, the United States Congress, the United States Senate, the United States House of Representatives, former Vice President and President of the Senate Richard Cheney, and Speaker of the House Nancy Pelosi (hereafter "Appellees"). Appellants allege that President Obama violated their rights under the Fifth and Ninth Amendments when he assumed office without "conclusively" proving that he is eligible for the presidency and that the legislative branch violated Appellants' right under the Petition Clause of the First Amendment when Appellants' request to investigate the President's birthplace and citizenship was ignored. Appellants also assert claims under the Fifth and Twentieth Amendments against Congress, former Vice President Cheney, and Speaker Pelosi, for failing to "properly vet and verify" Obama's citizenship. Appellants' Br. at 10. They moreover bring an equal protection claim on the ground that Congress "fully investigated . . . whether Republican Presidential candidate John

65 (D.N.H. 2008) (citing the provision as clause 4), *Rhodes v. MacDonald*, No. 4:09-CV-106, 2009 WL 2997605, at *1 n.1 (M.D.Ga. Sept. 16, 2009) (same), *and* Gerard N. Magliocca, *Constitutional False Positives and the Populist Movement*, 81 NOTRE DAME L. REV. 821, 874 (2006) (same), *with Mathews v. Diaz*, 426 U.S. 67, 78 n.12 (1976) (citing the provision as clause 5), *and* Andrew B. Coan, *The Irrelevance of Writtenness in Constitutional Interpretation*, 158 U. PA. L. REV. 1025, 1051 (2010) (same). In any event, the parties agree as to the substance of the Natural Born Citizen clause, and we use the same citation as we used in *Berg v. Obama*, 586 F.3d 234, 237 n.1 (3d Cir. 2009).

McCain is an Article II 'natural born Citizen,'" but made no such inquiry as to President Obama. Appellants' Br. at 10-11.

At this procedural posture, we must "accept all factual allegations as true, construe the complaint in the light most favorable to [Appellants], and determine whether, under any reasonable reading of the complaint, [Appellants] may be entitled to relief." *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoting *Grammar v. John J. Kane Reg'l Ctrs.-Glen Hazel*, 570 F.3d 520, 523 (3d Cir. 2009)). Nonetheless, "a complaint must . . . 'state a claim . . . that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The District Court concluded that Appellants lacked Article III standing.[2] *See Kerchner v. Obama*, 669 F. Supp. 2d 477, 479 (D.N.J. 2009). We agree. It is axiomatic that standing to sue is a prerequisite to Article III jurisdiction. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). This constitutional mandate requires that Appellants show, inter alia, an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (quoting *Lujan*, 504 U.S. at 560).

The appeal in *Berg* presented us with a claim similar to the one here, in which the plaintiff challenged President-elect Obama's eligibility to run for and serve as President. The district court in that case dismissed the suit on standing grounds because "the alleged harm to voters like [the Plaintiff] stemming from [Obama's] failure to satisfy the eligibility requirements of the Natural Born Citizen Clause is not concrete or particularized

---

[2] Appellants invoked the District Court's jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1346(a)(2), 1361, 1651(a), and 2201(a)-2202. We have jurisdiction to review the District Court's order of dismissal under 28 U.S.C. § 1291.

4

enough to satisfy Article III standing. . . ." *Id.* at 238 (quotation, citation and original internal brackets and ellipses omitted). This court affirmed the order dismissing the suit, agreeing that "a candidate's ineligibility under the Natural Born Citizen Clause does not result in an injury in fact to voters." *Id.* at 239 (quotation and citation omitted).

In this case, Appellants seek to respond to the District Court's dismissal on standing grounds by claiming that they have "suffered individual injuries . . . not shared by all members of the public," Appellants' Br. at 51, because they voted in the November 4, 2008 presidential election and because they, unlike the majority of voters, "perceive themselves to have suffered [a] violation of their constitutional rights regarding Obama's eligibility to hold office." Appellants' Br. at 44. Additionally, Appellants Kerchner and Nelsen attempt to distinguish themselves from the public at large, pointing out that they took oaths to defend and support the Constitution as part of their past service in the Armed Forces and the National Guard. We stated in *Berg* that "[e]ven if . . . the placement of an ineligible candidate on the presidential ballot harmed [the plaintiff], that injury . . . was too general for the purposes of Article III [because the plaintiff] shared . . . his 'interest in proper application of the Constitution and laws' . . . with all voters. . . .'" 586 F.3d at 240 (quoting *Lujan*, 504 U.S. at 573). That reasoning also controls our disposition here.

In their Reply Brief, Appellants assert that their case differs from *Berg* in several ways, including, among others, that the plaintiff in that case filed his claim against then-candidate Obama before the election and before the "Electoral College and Congress had . . . acted on Obama's qualifications. . . ." Appellants' Reply Br. at 25. On the contrary, the *Berg* court addressed standing based on those same assumed facts. *Berg*, 586 F.3d at 238-39. Just like the plaintiff in *Berg*, Appellants' alleged injuries are too generalized to be cognizable in Article III courts. As the District Court found, the requirement that an injury be "concrete and particularized" precludes claims based on "harms that are suffered by many or all of the American people." *Kerchner*, 669 F. Supp. 2d at 481 (quotation marks

5

omitted) (citing *Lujan*, 504 U.S. at 573-74). The District Court further stated that:

> The Supreme Court has held that "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982). Plaintiffs' claims fall squarely into the category of generalized grievances that are most appropriately handled by the legislative branch. The Court acknowledges Plaintiffs' frustration with what they perceive as Congress' inaction in this area, but their remedy may be found through their vote.

*Id.* at 483 n.5. We agree.

Turning to the argument of Kerchner and Nelsen that their oaths to protect and defend the Constitution "increase[ ] their adversarial posture," Appellants' Br. at 56, no court has found that a plaintiff established "injury in fact" simply because s/he had once taken such an oath. Carving out an exception on that basis would still leave an impermissibly large class with unique ability to sue in federal court. *See, e.g.*, 10 U.S.C. § 502(a) (requiring all military personnel to take an oath "swear[ing] . . . [to] support and defend the Constitution of the United States."). Kerchner's assertion of standing on the ground that he, who has been retired from the Naval Reserves since 1995, may be required to serve the Commander in Chief as a combatant in the case of an "extreme national emergency," *Kerchner*, 669 F.Supp.2d at 483 (quotation and citation omitted), is to no avail because it is conjectural. *See Lujan*, 504 U.S. at 560.

Appellants' equal protection claim is likewise non-justiciable for failure to establish "injury in fact." Their claims

6

under the First Amendment are without merit because the individual right to petition does not "require government policymakers to listen or respond to individuals' communications on public issues." *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984).[3] We therefore agree with the District Court that Appellants lack standing.[4]

## III.

Because we have decided that this appeal is frivolous, we will order counsel for Appellants to show cause why just damages and costs should not be imposed. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "The purpose of an award of attorneys' fees under Rule 38 is to compensate appellees who are forced to defend judgments awarded them in the trial court from appeals that are wholly without merit, and to preserve the appellate court calendar for cases worthy of consideration." *Huck v. Dawson*, 106 F.3d 45, 52 (3d Cir. 1997) (internal quotation and citation omitted). "Damages [under Rule 38] are awarded by the court in its discretion . . . as a matter of justice to the appellee." *Beam v. Bauer*, 383 F.3d 106, 108 (3d Cir. 2004) (internal quotation and

---

[3] The District Court, as an alternate holding, found that Appellants' claims are "barred under the 'political question doctrine' as . . . question[s] demonstrably committed to a coordinate political department." *Kerchner*, 669 F. Supp. 2d at 483 n.5. In light of our decision that Appellants lack standing, we need not discuss that issue.

[4] We need not discuss Appellants' contention that "the original common law definition of an Article II 'natural born Citizen' . . . is a child born in the country to a United States citizen mother and father." Appellants' Br. at 18. That assertion goes to the merits of whether President Obama is in fact eligible to hold office, which we cannot address unless Appellants first establish Article III standing.

citation omitted).  An "important purpose [of a damages award] is to discourage litigants from unnecessarily wasting their opponents' time and resources." *Nagle v. Alspach*, 8 F.3d 141, 145 (3d Cir. 1993).

"This court employs an objective standard to determine whether or not an appeal is frivolous" which "focuses on the merits of the appeal regardless of good or bad faith." *Hilmon Co. v. Hyatt Int'l*, 899 F.2d 250, 253 (3d Cir. 1990) (internal quotation omitted).  We have stated that "an appeal from a frivolous claim is likewise frivolous." *Beam*, 383 F.3d at 108.  Appellants had ample notice that this appeal had no merit.  They should have been aware that we rejected almost identical claims in *Berg*, as have courts in other jurisdictions.  *See, e.g.*, *Barnett v. Obama*, No. 09-0082, ____ F. Supp. 2d ____, 2009 WL 3861788, at *4-*6 (C.D. Cal. Oct. 29, 2009) (holding that active and former military personnel lack Article III standing requirements to challenge President Obama's eligibility for office); *Cohen v. Obama*, No. 08-2150, 2008 WL 5191864, at *1 (D.D.C. Dec. 11, 2008) (holding that a federal prisoner who alleged that then-Senator Obama was "an illegal alien impersonating a United States citizen" lacked standing under Article III), *aff'd*, *Cohen v. Obama*, 332 F. App'x 640 (D.C. Cir. 2009).

Examination of this precedent would have made it "obvious to a reasonable attorney that an appeal from the District Court's order was frivolous, [as no] law or facts . . . support a conclusion that the District Court judge had erred." *Beam*, 383 F.3d at 109.  Moreover, other courts have imposed sanctions for similar reasons.  *See Hollister v. Soetero*, 258 F.R.D. 1, 2-5 (D.D.C. 2009) (reprimanding an attorney under Federal Rule of Civil Procedure 11(b)(2) for signing and filing a complaint alleging that President Obama was ineligible to serve as president because he is not a "natural born Citizen"), *aff'd*, *Hollister v. Soetoro*, Nos. 09-5080, 09-5161, 2010 WL 1169793 (D.C. Cir. March 22, 2010); *see also Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1373 (M.D.Ga. 2009) (imposing monetary sanctions under Federal Rule of Civil Procedure 11(c)(3) against counsel who filed similar claims on behalf of members of the

8

military), *aff'd*, *Rhodes v. MacDonald*, No. 09-15418, 2010 WL 892848 (11th Cir. March 15, 2010).

In the past, "we cautioned counsel that a finding by a District Court that a lawsuit is frivolous should serve as notice to the parties and their attorney to exercise caution, pause, and devote additional examination to the legal validity and factual merit of his contentions." *Beam*, 383 F.3d at 109 (quotation omitted). Although the District Court did not explicitly state that Appellants' claims were frivolous, the finding of other district courts that plaintiffs who filed complaints based on similar legal theories violated Federal Rule of Civil Procedure 11 should have served as meaningful notice that the appeal here would be frivolous.[5] We therefore will order Appellants' counsel to show cause why he should not pay just damages and costs for having filed a frivolous appeal. *See* Fed. R. App. P. 38.

## IV.

For the reasons set forth, we will affirm the District Court's order of dismissal.

---

[5] We also note with concern that Appellants failed to cite *Berg* in their opening brief. *See, e.g.*, N.J. Rule of Professional Conduct 3.3(a)(3) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client . . . ."). Although *Berg* was filed only some two months before Appellants' brief, it is unlikely it had not come to their attention given the identity of the issues.