**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2303
_____

NICHOLAS  E. PURPURA; DONALD R. LASTER, JR.,
                                        Appellants

v.

KATHLEEN SEBELIUS, Individually and as Secretary of the United States Department
of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; TIMOTHY F. GEITHNER, Individually and as Secretary of the
United States Department of the Treasury; UNITED STATES DEPARTMENT OF
TREASURY; HILDA A. SOLIS, Individually and as Secretary of the United States
Department of Labor; UNITED STATES DEPARTMENT OF LABOR
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-4814)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2011

Before:  SCIRICA, SMITH and VANASKIE, Circuit Judges

(Opinion filed:  September 29, 2011)
_____

OPINION
_____

PER CURIAM

        Pro se appellants Nicholas Purpura and Donald Laster appeal the District Court's

dismissal of their complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons discussed below, we will affirm the District Court's judgment.

Appellants have filed a lengthy complaint in which they allege that the Patient Protection and Affordable Care Act ("the Act") violates 19 clauses of the United States Constitution. Among their various and sundry claims are that the Act originated in the Senate, not the House of Representatives, in violation of Article I, Section 7 of the Constitution; that the provision in the Act requiring all non-exempt individuals to maintain a certain minimum level of health insurance or pay a fine violates the Commerce Clause; and that President Obama lacked authority to sign the Act into law because he is not a natural-born citizen.

The government filed a motion to dismiss under Rule 12(b)(1), arguing that the appellants had not adequately pleaded their standing to prosecute their action. The District Court granted this motion, and appellants then filed a timely notice of appeal to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a dismissal under Fed. R. Civ. P. 12(b)(1), and consider "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Turicentro v. Am. Airlines, 303 F.3d 293, 300 (3d Cir. 2002) (internal quotation marks omitted); see also Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (explaining that in reviewing a "facial attack" under Rule 12(b)(1), like the one defendants presented here, "the court must only consider the

2

allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff").

Article III of the Constitution limits federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co., L.P. v. APCC Servs., 128 S. Ct. 2531, 2535 (2008). To establish standing, "a party seeking relief [must] allege personal injury that is fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Ruocchio v. United Transp. Union, Local 60, 181 F.3d 376, 389 (3d Cir. 1999). Critically, the Supreme Court has "'consistently held that a plaintiff raising only a generally available grievance about government — claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large — does not state an Article III case or controversy.'" Lance v. Coffman, 549 U.S. 437, 439 (2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992)).

We have recently addressed the standing requirement in a lawsuit that challenged the Act on similar (although not as many) grounds. In New Jersey Physicians, Inc. v. President of the United States, No. 10-4600, 2011 U.S. App. LEXIS 15899 (3d Cir. Aug. 3, 2011), Patient Roe sought to have the Act declared unconstitutional. He alleged that he received medical care from a certain doctor, "and that he is a citizen of the State of New Jersey who chooses who and how to pay for the medical care he receives." Id. at

3

*3. The District Court dismissed the case for lack of standing, and we affirmed. We explained that the allegations described above "are factually barren with respect to standing." Id. at *11. We noted that we were "powerless to create our [own] jurisdiction by embellishing otherwise deficient allegations of standing," and held that we simply could not "conclude on the record before us that there is a realistic danger or genuine probability that Roe will suffer a cognizable imminent injury." Id. at *11-*13 (internal quotation marks omitted).

Appellants' standing allegations in this case are similar to the allegations in New Jersey Physicians. Appellants are rather self-consciously presenting a generalized grievance — they purport to represent "[w]e the people of the United States," and say that they have brought this action because they "feel they can no longer depend upon public officials that have been repeatedly usurping the will of the people, being subservient to political parties rather than the will of the majority and the Constitution of these United States of America." Like Patient Roe's complaint, appellants' complaint here is "barren" with respect to standing: appellants have provided no information about themselves beyond the fact that they are New Jersey residents and believe that the Act is unconstitutional. These allegations are insufficient to establish standing. See id. at 13; see also Kerchner v. Obama, 612 F.3d 204, 207-09 (3d Cir. 2010).[1]

_____

[1] As discussed in New Jersey Physicians, this case is distinguishable from Thomas More Law Center v. Obama, -- F.3d --, 2011 U.S. App. LEXIS 13265, at *17-*18 (6th Cir. June 29, 2011), where the plaintiffs "demonstrated sufficient predicate facts" to establish standing. See New Jersey Physicians, 2011 U.S. App. LEXIS 15899, at *13 n.6. This

4

In support of their standing argument, appellants cite Bond v. United States, 131 S. Ct. 2355 (2011), for the proposition that federal courts possess jurisdiction over an action as long as that action presents a federal question. However, contrary to appellants' argument, Bond did nothing to upend the well-established standing rules detailed above. Rather, as relevant here, the Court held that "Bond's challenge to her conviction and sentence satisfies the case-or-controversy requirement, because [her] incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Id. at 2362. Appellants here have shown no such concrete injury.[2]

Accordingly, we will affirm the District Court's order dismissing appellants' complaint.[3]

case is also distinguishable from Florida v. United States HHS, -- F.3d ---, 2011 U.S. App. LEXIS 16806, at *26 (11th Cir. Aug. 12, 2011), where the "government expressly concede[d] that one of the individual plaintiffs . . . ha[d] standing."

[2] Although appellants have raised a variety of claims, each claim seeks to show that the Act is unconstitutional and rests on the same allegations (or lack thereof) of injury. "As such, a claim-by-claim discussion of [their] constitutional standing is unnecessary." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 139 n.5 (3d Cir. 2009).

[3] We also reject appellants' claim that the defendants' motion to dismiss was untimely. Appellants served their complaint on defendants, at the earliest, on December 15, 2010, and the defendants filed their response less than 60 days later. See Fed. R. Civ. P. 4(i), 12(a)(2).