NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 12-2999

———

ALLEN L. FEINGOLD,
                                    Appellant
v.

PAM GRAFF; ROBERTA HARRIS; MICHELLE PUNTURI; MARC MANZIONE;
PENNSYLVANIA ORTHOPEDIC ASSOCIATES, INC.; GIANT FOOD STORES,
LLC; CHRISTOPHER WENK; MAC RISK MANAGEMENT, INC.; MARSHALL,
DENNEHEY, WARNER, COLEMAN, AND GOGGIN

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-01090-JD)
District Judge: Honorable Jan E. Dubois

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2013

Before: SMITH, GREENAWAY, JR. and VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed: March 22, 2013 )

———

OPINION OF THE COURT

———

PER CURIAM

Allen L. Feingold ("Feingold"), a former attorney, filed a pro se complaint against

Pam Graff, Christopher Wenk, MAC Risk Management ("MAC"), Giant Food Stores

("Giant"), Roberta Harris, Marc Manzione, Pennsylvania Orthopedic Associates

("POA"), Michelle Punturi, and Marshall, Dennehey, Warner, Coleman & Goggin ("MDWCG"). The District Court interpreted Feingold's complaint as seeking *quantum meruit* from Harris for his work as her attorney in workers' compensation litigation, and as alleging fraud, abuse of process, and civil conspiracy against the other Appellees. The District Court granted the motions to dismiss of all Appellees, and *sua sponte* dismissed the claims against Harris.[1] For the reasons that follow, we will affirm, and award appellate fees, costs, and expenses to certain Appellees.

## I.

The events giving rise to this appeal began on September 18, 2003 when Harris injured herself while working as an employee of Giant. Feingold agreed to represent Harris in her workers' compensation litigation on a contingency fee basis. Feingold alleges that during the workers' compensation litigation, Giant and MAC, Giant's insurance company, "played games" to make it difficult for Harris to be examined by Giant's medical expert. On February 9, 2010, Giant prevailed before a Workers' Compensation Judge. The matter was appealed to the Workers' Compensation Appeal Board, which remanded the matter back to the Workers' Compensation Judge. Feingold does not explain what happened after the remand.

Feingold alleges, without identifying any specific instances or actions, that Giant and MAC devised a scheme to hire medical experts who would only present favorable testimony so they need not pay legitimately injured workers, even if they knew such

---

[1] Neither Harris, nor an attorney on her behalf, entered an appearance before the District Court. *Feingold v. Graff*, No. 12-1090, 2012 WL 2400998, *6 (E.D. Pa. June 26, 2012). Similarly, a brief has not been filed to this Court on her behalf.

testimony was false and that the workers were entitled to workers' compensation benefits. Feingold alleges that Manzione and Pennsylvania Orthopedics were the medical experts who agreed to provide false testimony favorable to Giant and MAC. Feingold alleges Giant and MAC retained MDWCG because the firm was willing to aid in their conspiracy.[2] Feingold also requests punitive damages due to the allegedly intentional, wanton, or reckless nature of Appellees' fraudulent and improper actions.

Feingold admits that his involvement in Harris' workers' compensation litigation ended in 2007. Though Feingold's complaint fails to provide a clear timeline of the workers' compensation proceedings, it is obvious that much of the litigation occurred after 2007, and after Feingold ceased his involvement in Harris' case.

The District Court dismissed all of Feingold's claims with prejudice, finding that they were time-barred by statutes of limitations and that, on the merits, Feingold failed to state a claim. In so doing, the District Court took judicial notice of the fact that Feingold's license to practice law was suspended prior to 2007, indicating Feingold was unable to represent Harris after that point. Feingold timely appealed. Feingold alleges the District Court erred in taking judicial notice of his disciplinary history, and that the District Court erred in finding that his complaint failed to state a claim. On appeal, Appellees Punturi, MDWCG, Graff, Wenk, MAC, and Giant filed motions for costs and fees pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927.

---

[2] As the District Court noted, "The Complaint asserts that defendants Graff, Wenk, and Punturi share business addresses with Giant, MAC, and MDWCG respectively, . . . , but it alleges nothing more about their involvement in the case." *Feingold v. Graff*, 2012 WL 2400998 at *1.

3

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to take judicial notice of a fact for abuse of discretion. *United States v. Mitchell*, 365 F.3d 215, 251 (3d Cir. 2004). We exercise plenary review over a district court's order dismissing a complaint, and we accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery*, 670 F.3d 420, 424 (3d Cir. 2011).

### A.  Judicial Notice

Feingold alleges that the District Court improperly took judicial notice of his disciplinary history. Feingold also argues that even if the taking of judicial notice was proper, the District Court failed to provide notice to the parties that it was converting the motion to dismiss into a motion for summary judgment. This claim fails.

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). A court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007) (noting courts "ordinarily examine . . . matters of which [they] may take judicial notice" when ruling on Rule 12(b)(6) motions to dismiss).

The fact of Feingold's suspension is "readily determin[able] from sources whose accuracy cannot reasonably be questioned," as the Disciplinary Board of the Supreme

4

Court of Pennsylvania provides the public with free access to disciplinary records, including the form of discipline imposed, the date it was imposed, and the reasoning underlying the imposition of discipline.[3] As such, the District Court did not abuse its discretion by taking judicial notice of Feingold's disciplinary history.

## B. The Motion to Dismiss

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When alleging fraudulent conduct, the complaint must satisfy the heightened standard in FED. R. CIV. P. 9(b): "In alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the particularity standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

## 1. Claim Against Harris

---

[3] This information is publicly available, without cost to the viewer, at: Disciplinary Board of the Supreme Court of Pennsylvania, *PA Attorney Public Information: Allen L. Feingold*, http://www.padisciplinaryboard.org/look-up/pa-attorney-public.php?id=3892&attname=Feingold%2C+Allen+L.+&violations=0. According to this site, Feingold had his license suspended for three years on March 3, 2006, and then again for two years, consecutive to the earlier suspension, on August 26, 2006. On August 28, 2008, Feingold was disbarred.

Feingold alleges he is entitled to at least *quantum meruit* for his work on Harris' behalf, and that if Harris succeeds in her workers' compensation litigation, he is entitled to legal fees and reimbursement of expenses.

In Pennsylvania, actions based on contract are subject to a four-year statute of limitations. 42 PA. CONS. STAT. § 5525 (2012). A *quantum meruit* action is subject to this limitation, and the cause of action accrues at the time the attorney ceases representing the client. *Fowkes v. Shoemaker*, 661 A.2d 877, 880 (Pa. Super. Ct. 1995). An action to recover legal fees and expenses is subject to the same statute of limitations. 42 PA. CONS. STAT. § 5525.

Feingold filed the instant complaint on February 29, 2012. He was first suspended from the practice of law on March 3, 2006, and so ceased representing Harris as of that date. Any potential cause of action related to his representation of Harris accrued at that time, *Fowkes*, 661 A.2d at 880, roughly six years prior to his filing of the instant complaint. If Feingold did not cease representing Harris immediately after his March 3, 2006 suspension, he concedes in his complaint that his representation of Harris terminated "in 2007." Even if "in 2007" means 11:59 p.m. on December 31, 2007, Feingold's complaint was still filed more than four years after the cause of action accrued. Therefore the claim is time-barred, and the District Court did not err in dismissing it.

**2. Claim for Fraud**

Feingold brings a claim for common law fraud against the remaining Appellees.[4] In Pennsylvania, a plaintiff must establish the following for a claim of fraud: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994). "'The successful maintenance of a cause of action for fraud includes, *inter alia*, a showing that the plaintiff acted in reliance on the defendant's misrepresentations.'" *Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super. Ct. 2002) (quoting *Klemow v. Time, Inc.*, 352 A.2d 12, 16 n.17 (Pa. 1976)).

Feingold does not allege that he relied on any of the statements made by defendants. At most, he alleges, albeit unclearly, that a Workers' Compensation Judge relied on Appellees' alleged misrepresentations. Since Appellant cannot satisfy the "reliance" element, he failed to state a claim for fraud. Furthermore, Feingold did not meet Rule 9(b)'s heightened pleading standard. He does not allege any specific acts, statements, or instances of misrepresentation or fraud, and so fails to "inject precision or some measure of substantiation into [the] fraud allegation." *Frederico*, 507 F.3d at 200. The District Court did not err in dismissing this claim.

---

[4] This claim was also barred by the statute of limitations. In Pennsylvania, fraud claims are subject to a two-year statute of limitations. 42 PA. CONS. STAT. § 5524(7). The alleged fraud occurred before 2007, when Feingold's involvement in Harris' litigation ceased. Therefore the cause of action arose more than two years prior to Feingold's filing of the complaint. However, the District Court did not dispose of the claim on this ground, and instead dismissed it on the merits.

### 3. Abuse of Process

The District Court interpreted Feingold's complaint as raising an "abuse of process" claim against Appellees. Such claims are subject to a two-year statute of limitations. 42 PA. CONS. STAT. § 5524(1). The only prior "process" alleged in this matter was Harris' workers' compensation litigation. As noted above, Feingold's involvement in that case ended, at the latest, in 2007, over four years prior to his filing of the complaint. The District Court properly found this claim to be time-barred.

### 4. Civil Conspiracy

Feingold also alleges civil conspiracy. An action for civil conspiracy may only be maintained if the substantive claims of unlawful conduct which underlie the conspiracy claim survive; dismissal or summary judgment of the underlying claims results in dismissal or summary judgment of the civil conspiracy claim. *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008); *Pelagatti v. Cohen*, 536 A.2d 1337, 1341-42, 1344 (Pa. Super. Ct. 1987). Since the District Court properly dismissed all of Feingold's substantive claims, it properly dismissed his civil conspiracy claim.[5]

### C. Appellees' Motions for Fees and Costs

Appellees MDWCG and Michelle Punturi filed a motion seeking costs and fees under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. Appellees Graff,

---

[5] The same holds true for Feingold's claim for punitive damages. *Pioneer Commercial Funding Corp. v. Amer. Fin. Mortg. Corp.*, 855 A.2d 818, 833 n.33 (Pa. 2004) (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989) ("'If no cause of action exists, then no independent action exists for a claim of punitive damages since punitive damages [are] only an element of damages.'")).

Wenk, MAC, and Giant filed an identical motion. For the remainder of the opinion, we will refer to these individuals collectively as "Fee Appellees."[6]

Fee Appellees allege that Feingold has filed nearly identical claims against these same parties in the past, which were all dismissed with prejudice.[7] Fee Appellees also claim Feingold habitually files frivolous state and federal complaints, consisting of vague allegations of fraud, abuse of process, and civil conspiracy against parties who prevailed against him in prior litigation, as well as their counsel, insurers, and medical experts. Feingold filed an Answer to Fee Appellees' motions, in which he denied Fee Appellees' averments as irrelevant, or as conclusions of law which do not require responsive pleading. Despite the opportunity to contest the merits of Appellees' allegations, Feingold did not do so.

The Superior Court of Pennsylvania agreed with Fee Appellees' allegations in a prior case involving Feingold. In *Feingold v. Hendrzak*, the court

> note[d] with displeasure that [Feingold] has filed nearly identical ***lawsuits against other defendants, along with their attorneys, insurance companies, and medical experts***. In each case, [Feingold] claims all parties ***conspired to withhold discovery and abused the legal process to [Feingold's] detriment***, intending to deprive him of counsel fees and to cause him emotional distress. This Court has affirmed the dismissal of these mirror lawsuits for

---

[6] Appellees request "sanctions" under these provisions. However, Rule 38 and § 1927 do not concern "sanctions," but rather deal solely with fees and costs, and so we will limit our discussion to those items. *Prosser v. Prosser*, 186 F.3d 403, 407 (3d Cir. 1999).

[7] *Feingold v. Punturi*, No. 4823, 2009 Phila. Ct. Com. Pl. LEXIS 219 (Phila. Ct. Com. Pl., October 13, 2009). The only difference is that, in that case, Harris was allegedly a "plaintiff," and not a defendant; though the Common Pleas Court noted that Harris did not seem to be involved in the case. *Id.* at \*6 n.4. This decision was affirmed by the Superior Court of Pennsylvania. *Feingold v. Punturi*, 4 A.3d 678 (Pa. Super. Ct. 2010).

9

> Appellant's failure to plead any material facts, . . . . In disregard of this Court's [prior] ruling, [Feingold] has continued his pattern of vexatious litigation against other defendants, but none of his complaints have survived preliminary objections to their legal insufficiency.[8]

15 A.3d 937, 942-43 (Pa. Super. Ct. 2011) (emphasis added). The court noted that as of its February 22, 2011 decision, Feingold had filed six separate state court complaints and one federal complaint, making nearly identical allegations, and none of which "survived preliminary objections to their legal sufficiency." *Id.* at 943. Similarly, the District Court noted, in its June 26, 2012 decision, that Feingold "has made a practice of asserting such claims against former clients, opposing counsel, medical experts, and others who were involved in litigation in which he did not prevail," and cited five other federal district court cases as examples. *Feingold v. Graff*, No. 12-1090, 2012 WL 2400998, *1 n.1 (E.D. Pa. June 26, 2012). In *Hendrzak*, the Superior Court, *sua sponte*, ordered Feingold to pay counsel fees, finding that "it is blatantly clear that [Feingold] filed this frivolous lawsuit and subsequent appeal to vex Appellees with complete disregard for our court system, our rules of civil procedure, and the legal profession." 15 A.3d at 943.

### 1. Rule 38 Damages

Under Federal Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court

---

[8] Though Feingold did not allege emotional distress in the complaint, we note that he did attempt to allege infliction of emotional distress, just as the *Hendrzak* court noted, in his response to Appellees' motions to dismiss. *Feingold v. Graff*, No. 12-1090, 2012 WL 2400998, *1 n.2 (E.D. Pa. June 26, 2012).

and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

"The purpose of an award of attorneys' fees under Rule 38 is to compensate appellees who are forced to defend judgments awarded them in the trial court from appeals that are wholly without merit, and to preserve the appellate calendar for cases worthy of consideration." *Kerchner v. Obama*, 612 F.3d 204, 209 (3d Cir. 2010) (internal quotation marks omitted). "This court employs an objective standard to determine whether or not an appeal is frivolous which focuses on the merits of the appeal regardless of good or bad faith." *Id.* (internal quotation marks omitted). "[A]n appeal from a frivolous claim is likewise frivolous." *Id.* (internal quotation marks omitted). In assessing whether appellants had notice of the frivolity of their claims, we may consider the fact that similar claims have been held frivolous in both this jurisdiction and in others. *Id.* We may also consider whether "other courts have imposed sanctions for similar reasons." *Id.* at 210.

Prior to filing this complaint on February 29, 2012, and his notice of appeal on July 18, 2012, Feingold was, or should have been, fully aware of the frivolous nature of his claims. He had filed several cases alleging civil conspiracy, fraud, abuse of process, and other, similar state law claims, as well as federal claims predicated on the alleged commission of those torts. *Hendrzak*, 15 A.3d at 943 n.3 (collecting cases); *Feingold v. Graff*, 2012 WL 2400998, at *1 n.1 (same). These cases were disposed of on their merits, due to the legal insufficiency of the claims. *Hendrzak*, 15 A.3d at 943. Additionally, not only have "other courts . . . imposed sanctions for similar reasons,"

11

*Kerchner*, 612 F.3d at 210, but other courts have imposed sanctions for *identical reasons*, against *this same litigant*. *Hendrzak*, 15 A.3d at 943.

Despite his awareness that several state and federal courts had, on multiple occasions, found these claims without merit, and despite the Pennsylvania Superior Court's prior determination that these claims are so frivolous as to justify *sua sponte* sanctions, Feingold filed the instant complaint, and then this appeal. Feingold's conduct shows an utter lack of respect for the judiciary and the legal process, and maliciously exposes numerous individuals to frivolous litigation and its attendant aggravations and expenses. Given the nature of Feingold's conduct, we find full payment of Fee Appellees' appellate costs, expenses, and attorneys' fees to be "just damages" for Feingold's frivolous litigation.[9]

## 2. Enforcement of the Order

Appellees Punturi and MDWCG request that we impose conditions on Feingold that will ensure his compliance with our order to pay fees and costs, while also protecting the legal process, and other potential defendants, from the time, aggravation, and expenses involved with having crossed Feingold's path in the past. Appellees direct our

---

[9] We find it unnecessary to address Fee Appellees request for fees and costs under 28 U.S.C. § 1927, which provides, "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As we have already decided to award Fee Appellees their appellate costs and attorneys' fees, we need not decide whether to award them "excess costs, expenses, and attorneys' fees." Furthermore, we express doubt as to whether 28 U.S.C. § 1927 may be applied to non-lawyer, pro se litigants, *see Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992), and we need not decide this difficult issue now.

attention to cases from other Courts of Appeals which have barred litigants from filing appeals with the court until Rule 38 fees and costs have been paid, or a district judge certifies that the claim is not frivolous. *Autry v. Woods*, 106 F.3d 61, 63 (4th Cir. 1997) (per curiam); *Smith v, McCleod*, 946 F.2d 417, 418 (5th Cir. 1991); *see also Jones v. Abc-Tv*, 516 U.S. 363, 363 (1996) (per curiam) (directing Clerk of Supreme Court not to accept further petitions from petitioner in noncriminal matters until payment of fees under Rule 38).

Given Feingold's demonstrated lack of respect for the judicial process, and his continual filing of frivolous lawsuits even after his disbarment, we warn Feingold that if he continues to file frivolous civil appeals in this Court, he risks the imposition of sanctions, including being enjoined from filing future civil appeals.

**III.**

For the foregoing reasons, we will affirm the District Court's order granting Appellees' motions for dismissal, and we will grant Fee Appellees' motions for fees and costs. This matter is remanded to the District Court for the limited purpose of assessing damages and enforcing payment of the same. This remand is not for the purpose of relitigating issues already decided by the District Court and affirmed by this Court. Damages shall consist of attorneys' fees, costs, and expenses associated with responding to this appeal, pursuant to Federal Rules of Appellate Procedure 38 and 39. Within such time period following remand as the District Court may set, Appellees Punturi, MDWCG, Graff, Wenk, MAC, and Giant shall file itemized lists of damages consistent with our remand.