NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3464
_____

ALLEN L. FEINGOLD,
                                        Appellant

v.

BARBARA QUINN, Executrix of the Estate of Theresa Thompson, Deceased

v.

LIBERTY MUTUAL AUTOMOBILE INSURANCE CO.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-12-cv-03503)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before:   AMBRO, JORDAN and ROTH, *Circuit Judges*.

(Filed: March 10, 2014)
_____

OPINION
_____

JORDAN, *Circuit Judge*.

      Allen Feingold, a former attorney appearing pro se, appeals the dismissal of a

third-party complaint filed by the executrix of an estate that Feingold represented against

Liberty Mutual Automobile Insurance Company ("Liberty Mutual"). Feingold also appeals the District Court's denial of his motion for recusal. We will affirm.

## I.    Background

Feingold sued Barbara Quinn, the executrix of the estate of decedent Theresa Thompson, seeking to recover over $75,000 in attorney's fees allegedly owed for his prior representation of Thompson. Quinn then impleaded Liberty Mutual under Rule 14 of the Federal Rules of Civil Procedure, believing that the insurance company could indemnify the estate.[1] Feingold asserted no claims against Liberty Mutual. Liberty Mutual filed a motion to dismiss, which the Court granted, ruling that no relevant indemnification agreement existed between the decedent and Liberty Mutual and that, under Pennsylvania law, third-party contribution is inapplicable to contract disputes.

---

[1] Feingold, Quinn, and Liberty Mutual have been involved in two related cases based on the same facts, one currently pending before us. In that other case currently on appeal, *Feingold v. Liberty Mutual Group.*, Nos. 13-1977 to -78 (3d Cir. Filed Apr. 11, 2013), Feingold and Quinn brought a bad-faith action against Liberty Mutual for delay in paying court-ordered benefits to Thompson that Feingold, through his representation of Thompson, had obtained. The District Court first dismissed Feingold from the case for lack of standing, determining that Quinn violated Pennsylvania law prohibiting the assignment of tort claims when she assigned part of her bad-faith claim to him. *Feingold v. Liberty Mut. Grp.*, 847 F. Supp. 2d 772, 775-77 (E.D. Pa. 2012). It then granted summary judgment to Liberty Mutual on Quinn's claim. *Quinn v. Liberty Mut. Grp.*, No. 11-5364, 2013 WL 842808, at *2 (E.D. Pa. March 7, 2013). In the second case, just after the Court denied Feingold's motion for reconsideration of the denial of the third-party complaint at issue here, Feingold directly sued both Quinn and Liberty Mutual, bringing essentially identical breach-of-contract, quantum meruit, and bad-faith claims. *Feingold v. Liberty Mut. Grp.*, No. 13-732, 2013 WL 1733056, at *2 (E.D. Pa. Apr. 22, 2013), *appeal dismissed as untimely*, No. 13-3465 (3d Cir. Oct. 21, 2013). The Court dismissed the claims against Quinn as duplicative of those in this case and the claims against Liberty Mutual as meritless. *Id.* at *2-3.

Feingold then proceeded to a bench trial on his claim against Quinn, although he introduced no evidence and called no witnesses. The Court accordingly entered judgment in favor of Quinn on Feingold's claims. Notably, two days before trial began, Feingold filed a motion for recusal, which the Court summarily denied as untimely and without merit.

Feingold has appealed, although he does not argue for review of the entry of judgment in favor of Quinn.[2] Instead, he takes issue with the dismissal of Quinn's third-party complaint against Liberty Mutual, which Quinn herself has not appealed, and he further attacks the denial of his motion to recuse.

---

[2] In the Notice of Appeal, Feingold includes a copy of the Judgment, dated July 10, 2013, but he does not address any argument about the judgment in his brief. Any such argument has therefore been waived. *See Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223 (3d Cir. 2013) ("We have consistently held that '[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue ... will not suffice to bring that issue before this court.'" (quoting *Laborers' Int'l Union of N. Am., AFL–CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir.1994))).

## II. Discussion[3]

Feingold's appeal is meritless.[4] Assuming he properly appealed the order dismissing the third-party complaint – an assumption that may be doubted, given ambiguities in his Notice of Appeal – he lacks standing to do so. Although he attempts to establish standing by including a third-party-beneficiary argument in his brief, he never asserted a claim against the insurance company in his complaint. He was in no manner aggrieved by the dismissal, as he retained his claims against Quinn and even proceeded to trial on them. *See, e.g.*, *Pa. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 155-56 (3d Cir. 2012) ("To establish standing …, a plaintiff has the burden of establishing 'an injury in fact': a harm that is both concrete and particularized, either actual or imminent, and not conjectural or hypothetical."). Therefore, he has no standing to appeal the dismissal of Quinn's third-party complaint. But even if he did have

---

[3] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We exercise jurisdiction over Feingold's appeal pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint, including a third-party complaint, de novo. *See* Fed. R. Civ. P. 14(a)(2)(A) ("[T]he 'third-party defendant' … must assert any defense against the third-party plaintiff's claim under Rule 12 … ."); *Ballentine v. United States*, 486 F.3d 806, 808 (3d Cir. 2007). We review the denial of a motion for recusal for abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

[4] Feingold is a serial litigant, and the numerous, meritless cases he has brought in federal and state court led to his disbarment in Pennsylvania. *See Feingold v. Graff*, 516 F. App'x 223, 226 n.3, 230 (3d Cir. 2013). Nevertheless, he has continued to file frivolous cases, and on March 22, 2013, after denying yet another of his meritless appeals and assessing costs against him, we "warn[ed] Feingold that if he continues to file frivolous civil appeals in this Court, he risks the imposition of sanctions, including being enjoined from filing future civil appeals." *Id.* at 230. This appeal, with its glaring procedural defect, would certainly qualify as sanctionable. But considering Feingold brought this action in 2012, prior to our admonition, another warning will suffice.

standing, and further assuming that the District Court erred in dismissing the third-party complaint, the adverse judgment that was ultimately rendered against him on his underlying claim renders any such decision harmless.

Regarding Feingold's motion to recuse pursuant to 28 U.S.C. §§ 144 and 455, the Court did not commit an abuse of discretion in denying it for two reasons. First, as the motion relates to 28 U.S.C. § 144, it was untimely. He waited until practically the eve of trial to file the motion, providing no justification for his tardiness. *See Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir. 1978) ("Neither can [the judicial process] tolerate the practice of waiting until the eve of trial and then resorting to a § 144 affidavit in order to obtain an adjournment."). As the motion relates to § 455, he only points to Judge Bartle's adverse rulings against him in this case and others. But adverse rulings alone are almost never proper grounds for recusal, and the rulings here are no exception. *See, e.g.*, *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) ("'[Rulings and orders] can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.'" (second alteration in original) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))).

## III.    Conclusion

Accordingly, we will affirm the District Court's order.