**Jeannette BUMBERGER, Individually and on behalf of Kevin Bumberger, a Minor**

v.

**INSURANCE COMPANY OF NORTH AMERICA and ADT Company, Inc., Appellant.**

**No. 91–1044.**

United States Court of Appeals, Third Circuit.

Argued July 8, 1991.

Decided Dec. 31, 1991.

Richard K. Masterson, Andrew L. Braunfeld, (argued), Andrea M. Gennetti, Masterson, Braunfeld, Himsworth & Maguire, Norristown, Pa., for appellant.

Edwin P. Smith, (argued), Smith, McEldrew & Levenberg, Philadelphia, Pa., for appellee Jeannette Bumberger, Individually and on behalf of Kevin Bumberger, a Minor.

Before STAPLETON, HUTCHINSON and ROSENN, Circuit Judges.

OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

ADT Company, Incorporated (ADT) appeals an order of the United States District Court for the Eastern District of Pennsylvania which dismissed ADT's insurance company and co-defendant, Insurance Company of North America (ADT's Insurer), from the case and an award of judgment to the plaintiff, Jeannette Bumberger (Bumberger). Bumberger had sued ADT claiming she was entitled, under New Jersey law, to recover medical expenses her son had incurred as a result of injuries he suffered when a truck owned by ADT collided with his bicycle.

Bumberger is a citizen of Pennsylvania for purposes of diversity jurisdiction, and ADT is not. ADT's Insurer is a citizen of Pennsylvania. Accordingly, ADT's Insurer's inclusion as a party destroyed diversity. In dismissing ADT's Insurer, the district court held that it was merely a nominal party to the action. The district court based this conclusion on the fact that ADT's Insurer provided coverage only after the exhaustion of ADT's $500,000.00 deductible. By stipulation, the parties limited Bumberger's recovery in this case to slightly less than $350,000.00. However, the district court failed to consider other expenses that could deplete ADT's deductible. These other expenses could include damages, costs and fees ADT might incur as a defendant in various other cases filed on behalf of Bumberger's son for damages in tort she says he allegedly suffered in the same accident. Therefore, we will vacate the district court's order and judgment and remand this case for reexamination of whether ADT's Insurer is merely a nominal party whose presence does not affect diversity and thereafter for further proceedings consistent with this opinion.

I.

Kevin Bumberger (Kevin) was riding his bicycle on June 1, 1989 in Bristol, Pennsylvania when he was struck by a pickup truck owned by ADT and driven by Harry Duff (Duff), an ADT employee. At the time of the accident, Kevin was residing in Bristol with his grandmother, Alice Hems. She was insured under an automobile liability policy issued in Pennsylvania. Under Pennsylvania law, Kevin is entitled to $10,000.00 of first-party coverage under his grandmother's policy.[1]

ADT's Insurer had issued ADT a liability policy covering the vehicle Duff was driving when Kevin was injured. This policy had a number of endorsements providing coverage in accord with the laws of various states in which ADT might transact business, including New Jersey. The New Jersey endorsement extends coverage to pedestrians, including bicyclists.

Bumberger filed this action against ADT, on behalf of herself and her son, Kevin, for the medical expenses incurred in connection with the personal injuries Kevin sustained when he was struck by the ADT truck.[2] Bumberger and her son are both citizens of Pennsylvania. ADT is not a citizen of Pennsylvania. When Bumberger discover-

---

1. First-party coverage reimburses the insured for personal injuries of the insured or damage to the insured's property. *See* B. Ostrager & T. Newman, *Handbook on Insurance Coverage Disputes* § 10.12, at 379 (4th ed. 1990).

2. Kevin's accident has spawned quite a bit of litigation in Pennsylvania's state courts. None of these cases involve the insurance coverage at issue in this case, but rather are state-law tort cases. According to ADT, these cases are:

1. *Kevin Bumberger, a minor by his guardian, Alice Hems v. Harry Duff, et al.,* No. 89005559-11-2, Court of Common Pleas of Bucks County, Pennsylvania.

2. *Kevin Bumberger, a minor by his parent and natural Guardian, Dennis G. Bumberger v. Harry Duff, et al.,* No. 89007901-14-2, Court of Common Pleas of Bucks County, Pennsylvania.

3. *Jeanette [sic] Bumberger, Individually and on Behalf of Kevin Bumberger, a minor v. Harry Duff and ADT Company, Inc. and State Farm Insurance Co. and Alice Hems,* July Term, 1989 No. 5099, Court of Common Pleas of Philadelphia, Pennsylvania.

4. *Jeanette [sic] Bumberger, Individually and on Behalf of Kevin Bumberger, a minor v. Rohm & Haas Co. and John Manera and Louise Manera,* July Term, 1989 No. 6640, Court of Common Pleas of Philadelphia, Pennsylvania.

Brief for Appellant at 5. Bumberger does not question the accuracy of this listing.

ed that ADT was insured, she amended her complaint to add ADT's Insurer as a defendant. ADT's Insurer is incorporated in Pennsylvania.

Bumberger sought partial summary judgment on the issue of her right to insurance benefits under the Personal Injury Protection provisions of ADT's insurance policy. ADT and ADT's Insurer, represented by the same counsel, responded to the partial summary judgment motion. ADT's Insurer also filed a motion seeking its dismissal from the case because, like Bumberger, ADT's Insurer was a citizen of Pennsylvania and its inclusion in the suit as a defendant would deprive the district court of diversity jurisdiction.[3] The record shows no other basis for the district court's subject-matter jurisdiction over this case.

The district court granted Bumberger's motion for partial summary judgment, holding that the Personal Injury Protection provisions of ADT's insurance policy covered Bumberger and then ruled that ADT's Insurer was a nominal party and dismissed it from the suit. On December 21, 1990, the district court entered judgment, in accordance with Bumberger and ADT's stipulation, against ADT in the amount of $343,033.76 plus interest from August 2, 1990, the date partial summary judgment for Bumberger was granted. At the same time, the court denied Bumberger's request for counsel fees. ADT filed a timely notice of appeal on January 16, 1991.

## II.

The subject-matter jurisdiction of the district court, based on diversity of citizenship under 28 U.S.C.A. § 1332(a)(1) (West Supp. 1991), is a threshold issue in this case. We have appellate jurisdiction based on the final order of the district court entering judgment for Bumberger against ADT fol-

lowing the dismissal of ADT's Insurer. *See* 28 U.S.C.A. § 1291 (West Supp.1991).

We exercise plenary review in deciding whether the district court had subject-matter jurisdiction. *See Pennsylvania, Dep't of Pub. Welfare v. Markiewicz,* 930 F.2d 262, 265 (3d Cir.1991). Here, the district court's subject-matter jurisdiction is dependent partly on general principles of diversity jurisdiction and partly on a construction of the terms of the New Jersey endorsement to ADT's insurance policy. We also exercise plenary review over the construction of the applicable terms of ADT's insurance contract. *See STV Eng'rs, Inc. v. Greiner Eng'g, Inc.,* 861 F.2d 784, 787 (3d Cir.1988); *Pacific Indem. Co. v. Linn,* 766 F.2d 754, 760 (3d Cir. 1985).

## III.

### A.

ADT argues the district court erred in holding that ADT's Insurer was a nominal party and so dismissing it from the litigation. The continuing presence of ADT's Insurer in this litigation would destroy diversity. According to ADT, its Insurer may have to pay part of the medical expenses Bumberger seeks in this case. Bumberger says ADT waived this issue by failing to raise it in the district court. ADT contends the fact that it did not raise the question in the district court is of no moment since classification of ADT's Insurer as a nominal party goes to the heart of the district court's jurisdiction.

We have an independent duty to ascertain not only our own appellate jurisdiction but also the subject-matter jurisdiction of the district court. *See Pomper v. Thompson,* 836 F.2d 131, 132 (3d Cir.1987) (per curiam). Such questions are not subject to waiver.[4] *See Shendock v. Director,*

---

3. The alleged amount in controversy in the litigation exceeded the $50,000.00 required in diversity cases. *See* 28 U.S.C.A. § 1332(a) (West Supp.1991). The parties' stipulation on damages confirms the presence of the requisite amount in controversy.

4. Both ADT and ADT's Insurer were represented by the same counsel in the district court. This

joint representation posed what should have been an obvious conflict of interest between ADT and its Insurer on the motion to dismiss the Insurer for lack of diversity jurisdiction. Bumberger implies that it is unfair for ADT to attack a decision its counsel sought from the district court on behalf of ADT's Insurer. Regardless, ADT's failure to raise the issue of its

*OWCP,* 893 F.2d 1458, 1461 n. 7 (3d Cir.) (in banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 81, 112 L.Ed.2d 53 (1990). Thus, we reject Bumberger's waiver argument and go on to consider the effect ADT's Insurer's status as a defendant has on the district court's jurisdiction.

■ "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (emphasis in original). Still, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S.Ct. 1779, 1782, 64 L.Ed.2d 425 (1980). Nominal parties are generally those without a real interest in the litigation. *Wolff v. Wolff,* 768 F.2d 642, 645 (5th Cir.1985).

Bumberger claims somewhat less than $350,000.00 from ADT for medical expenses incurred due to Kevin's injuries. However, ADT says it is entitled to apply against the policy's $500,000.00 deductible the aggregate of all sums that may be paid under each of its policy's various coverages as a result of any single accident, including expenses, costs and interest. Thus, ADT says the court erred in classifying its Insurer as a nominal party because, given the pending state cases against ADT and the medical bills the parties stipulated to, the $500,000.00 deductible is likely to be exhausted. This means that ADT's Insurer will be, or may already be, liable under the policy. If ADT's construction of the policy is correct, any tort recoveries by Bumberger against ADT and any legal expenses and costs of defense that ADT incurs will be applied against the deductible. ADT goes on to argue that the likelihood the amount of damages covered by the policy will exceed $500,000.00 is so great that ADT's Insurer cannot be a nominal party. Thus, since its Insurer and Bumberger are both citizens of Pennsylvania for diversity purposes, ADT says that the district court lacked jurisdiction.

ADT's policy provides for a "Deductible Per Accident of *$500,000.00* in damages under all coverages provided by this Policy arising out of any one 'accident.'" App. at 131 (emphasis in original). It covers "all sums the *insured* legally must pay as damages because of *bodily injury* or *property damage* to which this insurance applies, caused by an *accident* and resulting from the ownership, maintenance or use of a covered *auto.*" *Id.* at 51 (emphasis in original). Any damages for which ADT may be liable as a result of the accident involving Kevin and Duff will be credited against the $156,966.24 of the deductible that ADT remains responsible for after payment of the stipulated medical expenses of $343,-033.76. ADT's Deductible Endorsement defines "deductible" to cover the expenses of defending any suit arising out of an accident. It reads, in material part:

> [T]he amount of damages under this Policy which *you* [ADT] have a duty to pay and which arise from any one accident to which insurance applies under this Policy, including, all expenses, costs and interest incurred in connection with the investigation, administration, adjustment, settlement of any claim or "suit."

*Id.* at 132 (emphasis in original).

■ The $343,033.76 in damages that the parties stipulated to satisfies only Bumberger's claim for "personal injury protection under [ADT's] policy as a result of medical expenses incurred." *Id.* at 9 (complaint); *see id.* at 29 (summary judgment motion); *id.* at 154 (stipulation). If the aggregate costs and awards of the pending state tort cases associated with the accident turn out to exceed $156,966.24, ADT's Insurer will be liable for that excess. Indeed, although the present record is barren as to the current amount of those costs and awards, it is possible that the deductible has already been exceeded.

Although it may seem likely from the present record that the aggregate of

Insurer's potential liability in the district court could not prevent us from performing our duty to examine this jurisdictional question.

ADT's liabilities, costs and fees resulting from the accident in question will exceed the $500,000.00 deductible, it is up to the district court to make that determination in the first instance. It should do so on a fully developed record concerning the existence of coverage for Bumberger's other claims and the likelihood that Bumberger will recover damages, which, when added to the likely costs and fees associated with ADT's defense, will total more than $156,966.24. Therefore, we must remand this case to the district court.

If the district court decides that ADT's Insurer is a real party in interest and not just a nominal party, its continued presence will destroy diversity jurisdiction and compel the dismissal of Bumberger's claim.[5] If ADT's Insurer is a real party to this litigation, Bumberger may seek to dismiss its claim against ADT's Insurer. Voluntary dismissal will be possible if ADT's Insurer is not an indispensable party under Federal Rule of Civil Procedure 19(b) and Bumberger appropriately seeks its dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) or 41(a)(2).

### B.

If complete diversity is achieved, the district court will still have a number of difficult issues facing it. At this point, we can only outline them for general guidance.

The district court concluded that Pennsylvania's choice of law principles required the application of New Jersey law to this case. If, on remand, the district court reaffirms its prior holding that New Jersey law does apply, it will have to consider the effect of various provisions in ADT's insurance policy on the availability of Personal Injury Protection benefits. In this connection, the district court has already stated:

The "Personal Injury Protection Endorsement (New Jersey)" of defendant's insurance policy provides that "The [Insurer] will pay personal injury protection benefits ... with respect to bodily injury sustained by an eligible injured person

caused by an accident and arising out of the ownership, maintenance or use ... of a private passenger automobile as an automobile." The policy then defines "private passenger automobile["] as "a self-propelled vehicle designed for use principally on public roads and which is one of the following types: (2) a van, a pick-up or panel truck or delivery sedan...."

App. at 158 (citation omitted). Though the district court concluded that the pick-up truck that hit Bumberger was a private passenger automobile and thus that the Personal Injury Protection coverage was triggered, it has not yet considered another portion of the policy's definition of "private passenger automobile" which may become material. It reads:

[A] *private passenger automobile* does not include ... a pick-up or panel truck, delivery sedan or utility automobile customarily used for business, occupational or professional purposes other than farming or ranching; or a utility automobile customarily used for the transportation of passengers other than members of the user's family or their guests....

App. at 127 (emphasis in original). Duff's purpose in using the pick-up truck at the time of the accident may be critical to the availability of Personal Injury Protection coverage since the requirements of New Jersey's no-fault insurance law only apply to "automobiles" as defined in N.J.Stat. Ann. § 39:6A-2(a) (West 1990). *See* N.J.Stat.Ann. § 39:6A-4 (West 1990). That section provides, in relevant part:

"Automobile" means a private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of

---

**5.** We note that the district court considered dismissing ADT's Insurer only after it granted partial summary judgment to Bumberger. When

questions, like the dismissal of ADT's Insurer, go to the heart of a court's jurisdiction, they should be considered before all other questions.

the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching. *Id.* If the pick-up truck involved in this accident does not fit within either the policy definition of "private passenger automobile" or the statutory definition of "automobile," then it may fall within N.J.Stat. Ann. § 17:28–1.3 (West Supp.1991). That section also provides for personal injury protection coverage, but allows insureds to limit their coverage to accidents occurring in New Jersey. ADT's policy includes such a limitation. App. at 126.

If Personal Injury Protection coverage is not available, the policy's Pedestrian Personal Injury Protection Coverage may also need to be considered. This part of ADT's policy provides coverage if the vehicle involved is an "insured motor vehicle," which is defined as:

> a self-propelled motor vehicle designed for use principally on public roads, which is not a *private passenger automobile* and to which the liability insurance of this policy applies.

*Id.* at 130 (emphasis in original). This policy definition would seem to include ADT's pick-up truck if the truck was customarily used for business and so fell outside the definition of a private passenger automobile. Again, however, the policy states that the Pedestrian Personal Injury Protection Coverage "applies only to accidents which occur in the State of New Jersey." *Id.*

Finally, on remand the district court could decide to revisit the choice of law question and choose to apply Pennsylvania law. If so, it will need to consider 75 Pa.Cons.Stat.Ann. § 1713(a) (Purdon Supp. 1991). That section prioritizes the insurance policies an injured person can look to for the provision of first-party benefits. Under the Pennsylvania statute, recovery of policy limits from the issuer of the primary policy can bar recovery of additional first-party benefits from the insurer of a policy that is only secondarily liable. *See Laguna v. Erie Ins. Group*, 370 Pa.Super. 308, 536 A.2d 419, 421 (1988). Thus, if Pennsylvania law is chosen and Kevin is insured for first-party benefits under his grandmother's automobile policy, section 1713(a), may preclude any further first-party recovery on Kevin's behalf from ADT.

## IV.

The district court erred in holding that ADT's Insurer was a nominal party without considering all the sums that might be includable in the deductible. Thus, we will vacate the district court's order and judgment and remand this case for further proceedings consistent with this opinion.