**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1044
_____

KUNLGUNDA DIRAUF; LUDWIG DIRAUF;
BRUNO ECKL; HILDEGARD ECKL; DORIS
FABIAN; ALEXANDER FISCHER; GERHARD
FLAIG; KARIN FLAIG; DANIEL GEBERT; FRITZ
GEBERT; MONIKA GEBERT; THOMAS GEBERT;
HELGA HAAG; MARTIN HAAG; ANNY
HANISCH; ANTON HELL; ALFRED HERRMANN;
IRENE HERRMANN; WALTER HORBER;
CHRISTINA KLENK; HERMANN KLENK,
(Deceased); ALFONS ECKL, (Deceased);
VOLODYMYR KOLTYAROV; ANDREAS LOBER;
ERIKA MARQUARDT; MANFRED MARQUARDT;
DANIEL NEFF; MARLIESE NEFF; WERNER
NEFF; ERWIN PFEIFROTH; DOBERNEK RAINER;
GABRIELE REICHEL; WALTER SCHMIDT;
WALTRAUD SCHMIDT; EDWIN SCHOTT;
INGRID SCHOTT; INGRID SCHOTT (as successor
to Hermann Schott); MELANIE SCHROTH;
FRIEDRICH SCHUMANN; GUDRUN
SCHUMANN; KARL STAHL; HANS STEIN;
CHRISTIAN STROBEL; FRIEDRICH STROBEL;
HILDEGARD STROBEL; TIMO STROBEL;
DIETER VOGT; KARL WECKERT; GEORG

WEYBRECHT; EUGEN WOLZ; GUNTHER FABIAN

v.

LAWRENCE S. BERGER; BERGER AND BORNSTEIN LIMITED LIABILITY COMPANY; 18 CENTRAL SHOPPING CENTER, L.P.; SUCCES THEUHANDGESELLSCHAFT GMBH; 299 JEFFERSON ROAD LIMITED PARTNERSHIP; BANK BUILDING ASSOCIATES LIMITED PARTNERSHIP; BLAIR ROAD ASSOCIATES LP; BRANCHBURG PLAZA INVESTORS LP; CARLSTADT BUILDING ASSOCIATES, L.P.; EXPRESS DISTRIBUTION BUILDING ASSOCIATES, L.P.; HAZELWOOD AVENUE ASSOCIATES, LIMITED PARTNERSHIP; INDUSTRIAL AVENUE INVESTORS, LIMITED PARTNERSHIP; KING SHOPPING CENTER LP; MACARTHUR PLAZA, LIMITED PARTNERSHIP; MILIK STREET ASSOCIATES LIMITED PARTNERSHIP; NEW MILIK STREET PROPERTY LP; ROUTE 206 SHOPPING CENTER LIMITED PARTNERSHIP; UNION SHOPPING PLAZA ASSOCIATES, L.P.; UNITED STATES LAND RESOURCES LP; UNITED STATES REALTY RESOURCES, INC.; USLR NEW DURHAM ROAD  ASSOCIATES, L.P.; WASHINGTON SHOPPING CENTER INC.; WASHINGTON SHOPPING CENTER INVESTORS, LIMITED PARTNERSHIP; WATERFORD INVESTORS LP; ECKART R. STRAUB

Eckart R. Straub; Success Theuhandgesellschaft GMBH,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 20-CV-05601)
U.S. District Judge:  Honorable Kevin McNulty

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 9, 2022

_____

Before:  SHWARTZ, MATEY and FUENTES, Circuit
Judges.

(Filed:  December 28, 2022)

Elliot D. Ostrove
Vahbiz P. Karanjia
Epstein Ostrove
200 Metroplex Drive
Suite 304
Edison, NJ 08817

Counsel for Appellants

Alexander G. Benissatto
Shapiro Croland Reiser Apfel & Di Iorio
411 Hackensack Avenue
Sixth Floor

Hackensack, NJ 07601

Daniel Schreck
Law Offices of G. Oliver Koppell & Associates
99 Park Avenue
Suite 1100
New York, NY 10016

Counsel for Appellees

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Federal appellate courts have limited authority to review remand orders. We may not, for example, review remand orders where remand is based upon a lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. § 1447(c)-(d). Here, Plaintiffs dismissed their sole federal claim, and the District Court thereafter sua sponte remanded the case to state court, stating that its remand was based upon both a lack of subject matter jurisdiction and a removal defect. The order was silent, however, as to whether the Court declined to exercise its discretion to consider the state law claims under 28 U.S.C. § 1367(c). For the reasons set forth below, we conclude that the District Court declined to exercise supplemental jurisdiction in ordering remand, and it thus had jurisdiction to issue the vacatur order now on appeal, and we have jurisdiction to review that order. Because remand was

4

proper and vacatur of the remand order is not warranted, we will affirm.

I

Plaintiffs filed a lawsuit in New Jersey state court against Defendants, who are German citizens, and certain New Jersey-based individuals and entities, alleging, among other things, fraud arising from a real estate investment venture.[1] The complaint included one federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964, and 120 state law claims.

Defendant Eckart Straub removed the case to federal district court with the consent of the other defendants, including Defendant Success Theuhandgesellschaft GMBH.[2] Straub cited 28 U.S.C. §§ 1441 and 1446 as the bases for removal, asserting that the District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Five days later, the New Jersey-based defendants sought permission to file a motion to dismiss. The next day, Plaintiffs voluntarily dismissed their RICO claim, leaving only the state-law claims. In the hours that followed, the New

---

[1] We refer to the appealing parties as "Defendants" for simplicity, understanding that Plaintiffs sued others as well.

[2] At the time of removal, Plaintiffs, all allegedly Germany- or Ukraine-based, had not filed proof of service as to Defendant Success Theuhandgesellschaft GMBH, but it consented to removal "[i]n the event that [it] ha[d] been served." JA 219.

Jersey- and Germany-based defendants filed motions to dismiss.

Plaintiffs then filed a letter requesting, among other things, a "prompt remand to the state Superior Court." JA 229-31. Later that day, the District Court issued an order remanding the case back to state court ("Remand Order"), which explained among other things, that (1) a court must "examine its own subject matter jurisdiction," (2) the "basis for federal-question removal . . . ha[d] been mooted" by Plaintiffs' dismissal of their federal claim, (3) diversity jurisdiction was lacking, and (4) one of the defendants was precluded by 28 U.S.C. § 1441(b)(2) from removing the case as a forum-defendant. JA 45-46. The District Court mailed a certified copy of the Remand Order the same day.

Approximately two weeks later, Defendants moved pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Remand Order. The District Court denied the Rule 60(b) motion, Dirauf v. Berger, 506 F. Supp. 3d 254 (D.N.J. 2020) ("Vacatur Order"), concluding that remand was proper and explaining, among other things, that (1) § 1332(a)(2) does not "confer[] diversity jurisdiction over suits between alien plaintiffs and a group of defendants consisting of both citizens of a state and aliens," id. at 264 (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 296 (3d Cir. 1980), disagreed with on other grounds by Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 833 n.7 (1989)); (2) it was not required to explain why it was declining to exercise supplemental jurisdiction, id. at 265-66 (citing Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999), though its "rationale should have been clear from the surrounding circumstances," id. at 266; and (3) its decision was correct

6

because, among other things, the case had been in federal court for only seven days, no discovery had occurred, the state court was equally able to decide the motions to dismiss, there was "no strong reason of federal policy or judicial economy favoring retention of [the] state claims," and there was no apparent forum manipulation, which is only one factor in the remand analysis in any event, id. at 266-67 (citing Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 233 (3d Cir. 1995)).

Defendants appealed. This Court initially dismissed the appeal for lack of jurisdiction but we thereafter vacated the dismissal order and referred the case to a merits panel. Meanwhile, the state court proceeding recommenced, and the court granted Defendants' motion to dismiss for lack of personal jurisdiction without prejudice. Dirauf v. Berger, No. MRS-L-001953-19, slip op. at 11 (N.J. Super. Ct. Law. Div. Oct. 27, 2022).

II[3]

A

We first address whether we have appellate jurisdiction to review the Vacatur Order. See, e.g., Bumberger v. Ins. Co. of N. Am., 952 F.2d 764, 766 (3d Cir. 1991). Appellate jurisdiction turns on whether the District Court remanded under 28 U.S.C. § 1447(c) and (d) or consistent with 28 U.S.C. § 1367(c). Remands under § 1447(c) and (d) are predicated on a lack of subject matter jurisdiction or a defect in the removal procedure. Remands that occur consistent with § 1367(c) are

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1441 and 1367.

7

based upon a court's decision not to exercise supplemental jurisdiction over state law claims. If a case is remanded under § 1447(d) for a reason set forth in § 1447(c), then appellate review is barred. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229-30 (2007) (citation omitted). If a case is remanded consistent with § 1367(c) as an exercise of discretion, then this Court has appellate jurisdiction to review the remand order. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009).

Here, to determine whether the remand was based on § 1447(c) or consistent with § 1367, we consider both the Remand and Vacatur Orders. Cf. Powerex Corp., 551 U.S. at 235 (looking to, among other things, the district court's "order denying petitioner's motion to stay the remand pending appeal" that was issued after the at-issue remand order). Together with the District Court's actions, those orders make clear that the Remand Order cannot be characterized as a remand based on either of the grounds set forth in § 1447(c), but that it was instead an exercise of the Court's discretion under § 1367(c). First, the Vacatur Order expressly states that the District Court had, in fact, declined to exercise supplemental jurisdiction and that it "should have been clear from the surrounding circumstances" that it had done so. Dirauf, 506 F. Supp. 3d at 266. Second, the complaint contains over one hundred state-law claims, and the case had been in the federal court for only a few days before it was remanded, thus making the decision not to exercise supplemental jurisdiction facially warranted. Third, the purported forum-defendant defect does not make it arguable that the District Court's ground for remand was the absence of subject matter jurisdiction because a ruling regarding a removal defect would not have been required if the Court remanded solely based

8

upon the lack of subject matter jurisdiction. Remand based upon a defect in the removal process is also not a jurisdictional defect, and there is no indication the District Court thought it was. Cf. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003). Fourth, just as an exercise of discretion under § 1367 cannot be characterized as a subject matter jurisdiction remand, see Carlsbad, 556 U.S. at 640, a sua sponte remand based on a removal defect, which is beyond a court's authority, cannot be characterized as a remand for a procedural defect contemplated by § 1447(c). Finally, issuing the Vacatur Order was inconsistent with remanding under § 1447(c) because if the District Court remanded based on § 1447(c) and (d), it would have lacked jurisdiction to take any action in the case after a certified copy of the Remand Order was sent to the state court. See, e.g., Agostini v. Piper Aircraft Corp., 729 F.3d 350, 355 (3d Cir. 2013). The same is not true for a remand under § 1367. See Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 159 (3d Cir. 1998). In short, by taking action after the certified copy had been sent to the state court, the District Court showed that it issued an order that did not deprive it of jurisdiction. Accordingly, the Remand Order cannot be characterized as occurring under § 1447(c) and (d) but rather was an exercise of discretion under § 1367(c).[4]

---

[4] Cf. Figueroa, 188 F.3d at 181 ("deduc[ing]" from district court's language "that the court was aware that it had the discretion to exercise supplemental jurisdiction over [certain] claims under section 1367, but declined to do so based on the consideration set forth in section 1367(c)(3), namely, the dismissal of all claims over which the court had original jurisdiction," even though "[t]he District Court made no reference to section 1367 in its order dismissing [plaintiff's]

Because the remand occurred under § 1367(c), the District Court had jurisdiction to issue the Vacatur Order. Carlsbad, 556 U.S. at 640; see also Hudson United Bank, 142 F.3d at 159 ("Because the remand . . . was authorized by § 1367(c), the mailing of the remand order to state court did not divest the district court of jurisdiction to entertain [a] motion for reconsideration."). Because the District Court remanded pursuant to § 1367(c), we have jurisdiction to review the Vacatur Order under 28 U.S.C. § 1291. See id. at 155.

B

Having concluded that we have appellate jurisdiction, another threshold issue remains—namely, whether this appeal has been mooted by the state court's order dismissing the claims against Defendants without prejudice for lack of personal jurisdiction. The answer is no.

"The mootness doctrine imposes two requirements: (1) that the underlying dispute presents 'live' issues, and (2) that the parties have 'a legally cognizable interest in the outcome'—that is, a personal stake in the dispute." Gayle v. Warden Monmouth Cnty. Corr. Inst., 838 F.3d 297, 303 (3d Cir. 2016) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)). Concomitantly, "an appeal is moot in the constitutional sense only if events have taken place during the pendency of the appeal that make it impossible for the court to grant any effectual relief whatsoever." In re World Imps. Ltd.,

---

remaining . . . claims" and stated only that "th[e] case will be dismissed with prejudice for lack of subject matter jurisdiction" because "the remaining counts state no federal cause of action.").

10

820 F.3d 576, 582 (3d Cir. 2016) (citation omitted). "If the defendant (or any party) claims that some development has mooted the case, it bears '[t]he heavy burden of persua[ding] the court' that there is no longer a live controversy." Hartnett v. Pa. State Educ. Ass'n, 963 F.3d 301, 305-06 (3d Cir. 2020) (alterations in original) (quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)).

The state court order dismissing Defendants from the case for lack of personal jurisdiction does not moot this appeal. First, the complaint against Defendants was dismissed without prejudice. Dirauf, slip op. at 11-14. Second, although the time to file an interlocutory appeal of the state court judgment has passed, the possibility of appeal after final judgment remains, and Plaintiffs have not indicated that they will not challenge the personal jurisdiction ruling. Thus, a live controversy between the parties remains, and this appeal is therefore not moot. Cf. Fairview Park Excavating Co., Inc. v. Al Monzo Constr. Co., 560 F.2d 1122, 1126-27 (3d Cir. 1977) (concluding that appeal challenging dismissal of the appellants' cross-claim was moot because a state court action where the appellant sought "the precise relief" as the federal claim "ha[d] proceeded to judgment, and the time to appeal th[e] judgment" had "expired"); Dudley-Barton v. Serv. Corp. Int'l, 653 F.3d 1151, 1151-52 (10th Cir. 2011) (concluding appeal was moot where, while the defendants' appeal of the district court's remand order was pending, plaintiffs voluntarily dismissed the state case against the defendants without prejudice and thus there was "no meaningful dispute remaining between the parties").

Accordingly, the appeal is justiciable, and we will next examine the merits.

11

C[5]

Defendants contend that the District Court erred by failing to: (1) explain why it declined to exercise supplemental jurisdiction; (2) properly account for Plaintiffs' forum manipulation when declining to exercise supplemental jurisdiction; and (3) "give special consideration to the German Appellants' status as aliens," Appellants' Br. at 26-28. We address each argument in turn.

1

The District Court did not err by failing to explain why it declined to exercise supplemental jurisdiction in the Remand Order. Although it is "prefer[able for] [a] district court to set forth its basis for dismissing state claims . . . , failure to do so is not a grounds for reversal when the court's dismissal is clearly based on a statutorily enumerated basis for declination

---

[5] In general, "[w]e review grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4), under an abuse of discretion standard." Sovereign Bank v. REMI Cap., Inc, 49 F.4th 360, 364 (3d Cir. 2022) (quoting Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008)). "[A] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." Advanced Fluid Sys., Inc. v. Huber, 958 F.3d 168, 180 n.13 (3d Cir. 2020) (alteration in original) (quoting Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 780 (3d Cir. 2001) (quotation marks and citation omitted)). "However, we review questions of law de novo." Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 439 (3d Cir. 2021).

of jurisdiction." Figueroa, 188 F.3d at 181 (citing Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir. 1981) (per curiam)). As the District Court explained, see Dirauf, 506 F. Supp. 3d at 266, it clearly "declined" to exercise supplemental jurisdiction "based on the consideration set forth in section 1367(c)(3), namely, the dismissal of all claims over which the court had original jurisdiction." Figueroa, 188 F.3d at 181. Thus, because "we [could have] readily determine[d] that the District Court dismissed [the] . . . remaining claims based on a consideration enumerated in section 1367(c)," it was neither "reversible error for the court to not state its reasons for" declining to exercise supplemental jurisdiction in the Remand Order nor an abuse of discretion to not vacate the Remand Order as a result.[6] Id.

---

[6] Defendants' complaints about two of the District Court's comments do not change the result. First, the Court's statement that there is a presumption in favor of remand when the federal issues are dismissed accurately paraphrases our precedents. See, e.g., Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (recognizing "that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" (emphasis omitted) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995))); see also North Sound Capital LLC v. Merck & Co., Inc., 938 F.3d 482, 494 n.11 (3d Cir. 2019) (citing with approval the following language: "the presumption that a district court should decline to exercise supplemental jurisdiction if it has dismissed all original-jurisdiction claims 'is just that—a presumption and not a rule.'" (citing 13D

Defendants' arguments that the District Court erred by not explaining how it weighed forum manipulation and equating forum manipulation with bad faith lack merit. As we have explained, the District Court was not required to provide a more detailed discussion of its reasons for remanding and, by extension, it did not need to specify how it weighed Plaintiffs' alleged forum manipulation. Cf. Annulli v. Panikkar, 200 F.3d 189, 202 (3d Cir. 1999) (noting a remand "decision is left to the sound discretion of the district court"), overruled on other grounds by Rotella v. Wood, 528 U.S. 549 (2000). Moreover, a decision remanding despite a finding of forum manipulation

---

Charles Alan Wright & Arthur D. Miller, Federal Practice and Procedure § 3567.3 (3d ed. 2019))); Talley v. Wetzel, 15 F.4th 275, 281 (3d Cir. 2021) (same).

Second, Defendants take issue with the District Court's statement that "[b]ecause the claim of federal subject matter jurisdiction was so insubstantial as to require dismissal at the very outset, there is no strong reason of federal policy or judicial economy favoring retention of state claims." Dirauf, 506 F. Supp. 3d at 266. This sentence was not an evaluation of Plaintiffs' RICO claim. Rather, the District Court was explaining that certain factors that might favor retaining the state law claims were absent, particularly given the early excision of the sole federal claim, the 120 state law claims, the lack of activity in federal court, and the significant activity in state court. See, e.g., IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, L.L.C., 945 F.3d 232, 241-42 (5th Cir. 2019), overruled on other grounds by Latiolais v. Huntington Ingalls, Inc., 951 F.3d 286 (5th Cir. 2020).

would not be an abuse of discretion, particularly where, as here, Defendants do not (and could not) argue that other factors like judicial economy, convenience, or comity favored exercising supplemental jurisdiction.[7]  See Enochs v. Lampasas Cnty., 641 F.3d 155, 161 (5th Cir. 2011) ("If there was any forum manipulation . . . , it was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand."); Gamel v. City of Cincinnati, 625 F.3d 949, 953 (6th Cir. 2010) (concluding no abuse of discretion in remanding where the only factor favoring the exercise of supplement jurisdiction was forum manipulation); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); Trans Penn Wax Corp., 50 F.3d at 232-33 (concluding no abuse of discretion in remanding where plaintiff "delet[ed]" its RICO claim).[8]  Accordingly, the District Court did not err by

---

[7] Defendants also suggest that we should provide guidance as to how a District Court should weigh various factors—e.g., judicial economy, convenience, fairness, comity, forum manipulation—when considering whether to exercise supplemental jurisdiction.  We do not need to do so because the weight accorded these factors in a given case should be left to district courts' sound discretion.

[8] Removing a federal claim often merits little weight in the analysis.  Enochs, 641 F.3d at 160 (amending a "complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all"); Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995)

15

not specifying the weight it gave to the purported forum manipulation.

The District Court's mention of bad faith in connection with Plaintiffs' dismissal of their RICO claim was not error. Parties are the masters of their pleadings, and a party can seek to drop a federal claim for any number of reasons, some of which may be manipulative while others are not. See, e.g., Payne v. Parkchester N. Condos., 134 F. Supp. 2d 582, 586 (S.D.N.Y. 2001) (noting there are "innocent," "[l]ess innocent[] but still relatively acceptabl[e]," and "manifestly" improper reasons for removing a federal claim and collecting cases). In context, the District Court appears to have been expressing that reality when it stated that to find forum manipulation it would look for indications of manipulation beyond the fact that a party "select[ed] causes of action that can only be heard in one forum or the other." Dirauf, 506 F. Supp. 3d at 266. In other words, bad faith is not required, but a court in its discretion may look for "indic[ia] of bad faith," id., as one factor in deciding whether to remand. Accordingly, we cannot conclude that the District Court's statements, reflecting reality, were in error.[9]

_____

(dismissing a federal claim "with all due speed after removal" viewed as "tactical decision").

[9] Defendants also argue that allowing the "Remand Order to stand will . . . encourage others to plead federal causes of action . . . as scare tactics . . . only to have those claims 'withdrawn' when faced with the prospect of having to litigate in a Federal Court." Appellants' Br. at 25. While sensitive to forum manipulation concerns, see, e.g., Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007), we recognize

16

3

Last, Defendants forfeited their argument that the District Court committed error by failing to give special consideration to Defendants' alien status. "'[F]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to raise an argument." Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) (alteration in original and citation omitted). Before the District Court, Defendants argued that the complete diversity requirement should not apply to aliens such as themselves, not that their status as aliens should affect the remand analysis. As Defendants identified no "truly exceptional" circumstances, id. (citation omitted), that support forgiving the forfeiture, we will not address this argument.

To the extent Defendants are arguing that the complete diversity requirement does not apply here because they are aliens, our precedent forecloses this argument. Field, 626 F.2d at 296 (complete diversity requirement "den[ies] jurisdiction in an action by an alien against citizens of a state and another alien"). The District Court therefore did not abuse its discretion in concluding it lacked subject matter jurisdiction based on the alien diversity requirement.

III

that district courts are well-placed to police such behavior and to weigh its possibility against the other remand considerations.

For the foregoing reasons, we will affirm.[10]

---

[10] Plaintiffs' motion for sanctions under Federal Rule of Appellate Procedure 38 is denied. Rule 38 permits sanctions "[i]f a court of appeals determines that an appeal is frivolous." To determine whether an appeal is frivolous, we "employ[] an objective standard," which "focuses on the merits of the appeal regardless of good or bad faith." Kerchner v. Obama, 612 F.3d 204, 209 (3d Cir. 2010) (quoting Hilmon Co. (V.I.) v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990)). An appeal is considered frivolous when it is without merit or colorable arguments in support of the appeal. Hilmon, 899 F.2d at 251. Because some of Defendants' arguments are at least colorable, we cannot say their appeal was so frivolous that sanctions are warranted.