NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2718
_____

THE KISLAK CO., INC.

v.

PROMINENT PROPERTIES LLC; MYRA PROPERTIES, LLC; LEON
PIRAK; 627 SEVENTEENTH AVENUE, LLC; B&M ESTATES LLC;
BRENDAN CONHEENEY; AND MICHAEL CHERVENAK

B & M ESTATES LIMITED LIABILITY COMPANY; BRENDAN
CONHEENEY; AND MICHAEL CHERVENAK

v.

W. LANE MILLER

B&M ESTATES LLC; BRENDAN CONHEENEY;
AND MICHAEL CHERVENAK,

Appellants
_____

On Appeal from the United States District Court for the District of New Jersey
District Court No. 3:22-cv-02482
District Judge:
The Honorable Robert Kirsch
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 28, 2024

Before: JORDAN, SMITH, *Circuit Judges,* and BUMB, *Chief District Judge**

(Filed  July 3, 2024)

_____

*       Honorable Renée Marie Bumb, Chief District Judge of the United States District
Court for the District of New Jersey, sitting by designation.

_____

OPINION†
_____

Bumb, *Chief District Judge.*

When a federal district court remands a case to state court for lack of subject matter jurisdiction, appellate review of the district court's remand order is strictly limited. Flouting this well-established rule, Defendants B&M Estates and its two principals, Brendan Conheeney and Michael Chervenak ("B&M Defendants"), appeal from an order of the District Court remanding for lack of subject matter jurisdiction. For the reasons that follow, we will dismiss the appeal, in part, for lack of jurisdiction and affirm, in part.

I.

The Kislak Company ("Kislak") is a commercial real estate broker. Kislak filed a lawsuit in the Superior Court of New Jersey asserting various state law claims against the B&M Defendants for refusing to pay Kislak a real estate commission from the sale of an apartment complex. Notably, no federal claims appeared on the face of Kislak's operative Third Amended Complaint. After more than six years of litigation, Kislak secured a state court judgment against the B&M Defendants. The state court found that the B&M Defendants were jointly and severally liable for tortiously interfering with payment of Kislak's real estate commission. To help collect on the state court judgment, Kislak served an information subpoena on the B&M Defendants. The B&M Defendants

†     This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

did not respond. Kislak filed a motion in the state court to enforce its information subpoena.

The B&M Defendants then removed the case to federal court. The Notice of Removal alleged that the B&M Defendants would be filing a third-party complaint asserting various federal counterclaims against Kislak, and that removal was jurisdictionally proper because the counterclaims involved various federal questions, including under the Fair Debt Collection Practices Act and Fair Credit Reporting Act. The day after the B&M Defendants filed their Third-Party Complaint, Kislak filed a motion to remand and for an award of fees and costs pursuant to 28 U.S.C. § 1447(c). Kislak argued that the District Court lacked subject matter jurisdiction over the B&M Defendants' removal because the removal was improperly based on the B&M Defendants' federal counterclaims rather than on any federal claims appearing on the face of Kislak's Third Amended Complaint.

The District Court, adopting the Magistrate Judge's Report and Recommendation, agreed with Kislak that there was no subject matter jurisdiction, and that remand was warranted. The District Court held that it did not have subject matter jurisdiction because the B&M Defendants' removal was solely predicated on their federal counterclaims rather than any federal question appearing on the face of Kislak's well-pleaded Third Amended Complaint. And because it is well established that counterclaims and defenses cannot confer federal subject matter jurisdiction, the District Court found that the B&M Defendants' removal was objectively unreasonable. Kislak was therefore entitled, under

28 U.S.C. § 1447(c), to fees and costs incurred because of the improper removal. This timely appeal followed.

## II.

"Federal appellate courts have limited authority to review remand orders." *Dirauf v. Berger*, 57 F.4th 101, 104 (3d Cir. 2022). Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[1] As we have explained, though § 1447(d)'s text is broad in scope, the Supreme Court has held that § 1447(d) "only bars review of orders that remand cases pursuant to § 1447(c), which addresses remand based upon a lack of subject matter jurisdiction or a defect in the removal process." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 209 (3d Cir. 2014) (citing *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712 (1996)). So, if a remand order is based on a lack of subject matter jurisdiction or a defect in the removal process, that remand order is immune from review under § 1447(d). *Dirauf*, 57 F.4th at 104 ("[W]e may not … review remand orders where remand is based upon a lack of subject matter jurisdiction or a defect in the removal procedure."). In fashioning § 1447(d)'s bar on appellate review, Congress intended to "prevent a party to a state lawsuit from using federal removal provisions and appeals as a

---

[1] An enumerated exception to §1447(d) provides that "an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." Those sections, applying to suits against federal officers and in certain civil rights cases, are not relevant here.

tool to introduce substantial delay into a state action." *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 156 (3d Cir. 1998).

Because the District Court remanded for lack of federal subject matter jurisdiction, we have no jurisdiction to review the remand order**.** And even if we had jurisdiction over this appeal, we agree that the District Court lacked subject matter jurisdiction and properly remanded the case to state court. The B&M Defendants' Notice of Removal stated that removal was proper because their "[c]ounterclaim[s] involve federal questions" under the Fair Debt Collection Practices Act and Fair Credit Reporting Act. [JA18.] But, as the District Court correctly explained, counterclaims and defenses—whether they present federal issues or not—do not confer subject matter jurisdiction upon removal. Removal based on a federal question is proper only when that federal question "is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). We agree with the District Court that the four corners of Kislak's Third Amended Complaint presented only issues of state law and that the suit was therefore not removable from state court based on the B&M Defendants' federal counterclaims.

Still, the B&M Defendants continue to press their argument that the state court action was removable based on the federal counterclaims asserted in their Third-Party Complaint. They offer no good reason for continuing to advance that meritless argument on appeal. And their additional arguments on appeal are similarly without merit. The B&M Defendants contend that the District Court's remand order was improper because the underlying state court case was "closed" and that a court may not remand an inactive

5

or closed case back to state court. Not true. The New Jersey Superior Court docket indicates that the state court closed the case because it was "transferred to another court" on April 28, 2022, the same day that the B&M Defendants improperly removed Kislak's action to federal court. [JA303.] In other words, it was the B&M Defendants' own *removal* of the state court action that closed the state court case. We thus perceive no error in the District Court's remand order.

III.

Although we are without jurisdiction to review the District Court's remand order, we have jurisdiction to review its award of fees and costs to Kislak for an abuse of discretion. *See Roxbury Condominium Ass'n Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 226 (3d Cir. 2003) ("We review an award of attorneys' fees under section 1447(c) for abuse of discretion."). Under § 1447(c), a court may award attorney's fees and costs as part of a remand order where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the B&M Defendants' removal was plainly unreasonable. As the District Court explained, it has long been well-established that a state court defendant cannot remove an action to federal court based on a federal question appearing in a counterclaim, crossclaim, or third-party complaint. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense: It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of federal law.") (internal citations and alterations omitted); *Holmes Grp., Inc. v. Vornado Air Circulation Sys.,*

6

*Inc.*, 535 U.S. 826, 831 (2002) ("It follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Caterpillar*, 482 U.S. at 398–99 (similar); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) (similar). There was no federal question presented on the face of Kislak's well-pleaded state court complaint such that the B&M Defendants had any objectively reasonable grounds to remove. Thus, we affirm the District Court's decision ordering the B&M Defendants to pay Kislak's costs and fees incurred because of the removal.

## IV.

Finally, we find the B&M Defendants' appeal of the District Court's remand order frivolous. Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The purpose of the rule is to "compensate appellees who are forced to defend judgments awarded [to] them in the trial court from appeals that are wholly without merit, and to preserve the appellate court calendar for cases worthy of consideration." *Huck ex rel. Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 52 (3d Cir. 1997) (citation omitted). We employ an objective standard to determine whether or not an appeal is frivolous by focusing on the merits of the appeal rather than the good or bad faith of the appellant. *See Kerchner v. Obama*, 612 F.3d 204, 209 (3d Cir. 2010).

The B&M Defendants' appeal of the remand order was plainly frivolous. Unambiguous statutory authority and Supreme Court and Circuit precedent are clear that

7

we do not have jurisdiction to review an appeal of an order of remand based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(d); *Quackenbush,* 517 U.S. at 712; *Dirauf*, 57 F.4th at 104. Any research would have "made it 'obvious to a reasonable attorney that an appeal from the District Court's order was frivolous, [as no] law or facts ... support a conclusion that the District Court judge had erred.'" *Kerchner*, 612 F.3d at 209–10 (alterations in original) (quoting *Beam v. Bauer*, 383 F.3d 106, 109 (3d Cir. 2004)). Here, the District Court schooled the B&M Defendants. First, the Magistrate Judge, then the District Court, explained that the B&M Defendants' argument that federal counterclaims can serve as a basis for removal was meritless. Still, the B&M Defendants pressed that faulty argument on appeal. The District Court even explained to the B&M Defendants that any appeal of the remand order would be jurisdictionally barred under 28 U.S.C. § 1447(d). Undeterred, the B&M Defendants appealed anyway.

We are thus left with the impression that the B&M Defendants deliberately ignored relevant statutory authority and case law in order to delay Kislak's collection of the state court judgment against the B&M Defendants. Federal removal and remand rules forbid such tactics. *Hudson United Bank*, 142 F.3d at 156–57 (explaining that Congress designed the rule against review of remand orders "to deter vexatious litigation").

Accordingly, upon submission of a motion by Kislak for damages and costs under Federal Rule of Appellate Procedure 38, the B&M Defendants shall show cause as to why they should not pay Kislak fees and costs for filing this frivolous appeal. *Kerchner*, 612 F.3d at 210 (requiring appellant to show cause why he should not pay just damages and costs for having filed a frivolous appeal).

8

\*     \*     \*

For the foregoing reasons, we will dismiss the appeal, in part, for lack of jurisdiction and will affirm, in part.